UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

TIMOTHY L. SCATES,                )
                                  )
            Plaintiff,            )
                                  )
v.                                )      Case No: 1:12-cv-408
                                  )      *Collier / Lee*
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
            Defendant.            )

## REPORT AND RECOMMENDATION

Before the Court is the plaintiff's application to proceed *in forma pauperis* [Doc. 2-2]. Title 28 U.S.C. § 1915 authorizes the Court to allow an indigent plaintiff to file a complaint without prepayment of the usual filing fee. The purpose of the statute is "to ensure that indigent litigants have meaningful access to the courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*citing Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). The Court's review of an application to proceed *in forma pauperis* is generally based solely on the affidavit of indigence. *See*, *e.g.*, *Gibson v. R. G. Smith Co.*, 915 F.3d 260, 262-63 (6th Cir. 1990). The threshold requirement a petitioner must meet in order to proceed *in forma pauperis* is to show, by affidavit, he/she is unable to pay court fees and costs. 28 U.S.C. § 1915(a). An affidavit to proceed *in forma pauperis* is sufficient if it shows the petitioner's financial situation will not permit him/her to pay for the costs of the litigation and also be able to provide the necessities of life for himself/herself and his/her dependents. *Adkins*, 355 U.S. at 339.

Plaintiff's affidavit does not show he is unable to pay the $350.00 filing fee while still providing the necessities of life for himself and his dependents. While Plaintiff claims he has no assets in any form (including vehicles, personal property, or cash) and no income, his spouse makes

$4,200 per month and he, his spouse and his spouse's son have monthly expenses of only $2,944. Although Plaintiff is paying off a child support balance monthly and he and his spouse have a mortgage, it appears they have little other debt. Given the assets and liabilities of Plaintiff's household, he has not shown he does not have funds to pay the filing fee. Accordingly, I **RECOMMEND** the motion to proceed *in forma pauperis* be **DENIED**.[1]

        s/ *Susan K. Lee*
        SUSAN K. LEE
        UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).